UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND ROBERT BOZA,

    Plaintiff,

v.                                                              Case No. 1:20-cv-301

COMMISSIONER OF SOCIAL                         Hon. Ray Kent
SECURITY,

    Defendant,
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied his claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff filed an application for DIB and SSI on October 3, 2016, alleging a disability onset date of September 3, 2015. PageID.51. Plaintiff identified his disabling conditions as lumbar disc displacement, lumbar disc degeneration, lumbar radiculopathy, low back pain, weakness of muscles, herniated disc syndrome, neck pain, and numbness in left leg. PageID.406. Prior to applying for DIB and SSI, plaintiff completed a GED and had specialized training as a medical first responder in 2011. PageID.407. Plaintiff had past employment as a salt mine laborer and grocery store stocker. PageID.170-171, 407-408. ALJ Stephanie Katich reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on December 20, 2018. PageID.162-

1

172. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.[1]

## I.  LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in

---

[1] Plaintiff previously filed applications for DIB and SSI. ALJ Laura Chess found that plaintiff was not disabled in a decision entered on September 2, 2015. Plaintiff appealed the decision, which this Court affirmed on February 1, 2018. *See Raymond R. Boza v. Commissioner of Social Security*, 1:16-cv-1362 (W.D. Mich.) ("*Boza I*") (ALJ Decision, ECF 7-2, PageID.58-67) (Order, ECF No. 14) (Judgment, ECF No. 15). As discussed, ALJ Katich's decision in the present case ("*Boza II*") was entered on December 20, 2018. The Court notes that even though the appeal in *Boza I* was finished, ALJ Katich's decision in *Boza II* referred to the appeal in *Boza I* as pending:

 "The claimant previously filed an application for Title II and Title XVI benefits in August 2012. The application resulted in an unfavorable Administrative Law Judge decision dated September 2, 2015 (Exhibit B1A), which was upheld by the Appeals Council in September 2016 (Exhibit B2A). A complaint for judicial review was filed in U.S. District Court in December 2016 (Exhibit B3A), which is pending.  Evidence relating to the previously adjudicated period has been considered herein only to the extent it reflects on the claimant's functioning and entitlement to benefits during the relevant period."

PageID.162. While it appears that ALJ Katich was not aware of the Court's decision in *Boza I*, her  reference to *Boza I* as pending is not a factor in the issues raised in *Boza II*.

the record.  *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence.  *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits.  A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities."  Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.  Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.  For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).  However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional

3

capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ's DECISION

Plaintiff's claim failed at the fifth step. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of September 3, 2015, and that he met the insured status requirements of the Social Security Act through March 31, 2018. PageID.164. At the second step, the ALJ found that plaintiff has severe impairments of: degenerative disc disease of the lumbar and cervical spine with lumbar disc displacement; status post trial spinal cord stimulator; status post lumbar discectomy (2013); chronic pain syndrome; and obesity. PageID.165. At the third step, the ALJ found that plaintiff does not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.166.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that the claimant can occasionally climb ramps and stairs, he can never climb ladders, ropes, or scaffolds, he can occasionally balance, stoop, kneel, crouch and crawl, he should avoid all exposure to wet, slippery or uneven surfaces, unprotected heights and unguarded moving machinery.

PageID.166. The ALJ also found that plaintiff is unable to perform any past relevant work. PageID.170.

At the fifth step, the ALJ found that plaintiff could perform a significant number of unskilled jobs at the sedentary exertional level. PageID.171-172. Specifically, the ALJ found that plaintiff could perform the requirements of unskilled sedentary work in the national economy such as food order cook (44,000 jobs), wire insulator (16,500 jobs), and polishing machine operator (29,000 jobs). PageID.171-172. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from September 2, 2015 (the alleged onset date) through December 20, 2018) (the date of the decision). PageID.172.

### III. DISCUSSION

Plaintiff has raised one error on appeal.

**The ALJ's residual functional capacity (RFC) determination is not supported by substantial evidence because she failed to properly weigh the opinion of plaintiff's treating physician's assistant, Maria Benit, PA-C.**

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. §§ 404.1545 and 416.925. It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c). The ALJ determines the RFC "based on all the relevant medical and other evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1520(e) and 416.920(e).

Because plaintiff filed her applications before March 27, 2017, the "treating physician rule" applies to the ALJ's decision. *See* 20 C.F.R. §§ 404.1527 and 416.927. A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's

5

alleged disability.  *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).  "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once."  *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record.  *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013); 20 C.F.R. § 404.1527(c)(2). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

While the ALJ is required to give "good reasons" for the weight assigned a treating physician's opinion, *Wilson*, 378 F.3d at 545, this articulation requirement does not apply when an ALJ evaluates the report of a medical source who is not a treating, acceptable medical source, *Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir. 2007).  For purposes of plaintiff's claim, PA-C Maria Benit is not an acceptable medical source.  *See* 20 C.F.R. §§ 404.1502(a)(8) and 416.902(a)(8) (licensed physician assistant is an "acceptable medical source" only with respect to claims filed on or after March 27, 2017).  Unlike an acceptable medical source, the opinion of a physician assistant "is not entitled to any particular weight or deference—the ALJ has discretion to assign it any weight he feels appropriate based on the evidence of record."  *Noto v. Commissioner of Social Security*, 632 Fed. Appx. 243, 248-49 (6th Cir. 2015).  Nevertheless, "the ALJ's decision still must say enough to allow the appellate court to trace the path of his

6

reasoning," *Stacey v. Commissioner of Social Security*, 451 Fed. Appx. 517, 519 (6th Cir. 2011) (internal quotation marks omitted).

Here, ALJ Katich addressed PA-C Benit's opinion as follows:

> While Maria Benit, PA-C provided an October 2018 assessment indicating that the claimant can sit, stand/walk less than 2 hours each in an 8-hour work day, needs unscheduled breaks every 2 hours of 15 minutes duration, must elevate his legs about chest level, can lift 20 pounds occasionally, up to 10 pounds frequently, would miss more than 4 days of work per month, and is incapable of even low stress jobs, this report is not consistent with the objective evidence of record. Although the claimant had issues with gait and used a cane at times, he also was stable without a cane at times. He was generally neurologically intact and maintained normal strength as documented in the record and noted above.

PageID.170. PA-C Benit's opinion, dated October 8, 2018, appears as Exhibit B7F, PageID.608-611.

Plaintiff contends that the ALJ's decision did not properly address PA-C Benit's opinion, citing Social Security Ruling (SSR) 06-3p.[2] Plaintiff points out that:

> SSR 06-3p requires the ALJ to evaluate the opinions of non-acceptable medical sources by looking at: how long the source has known and how frequently the source has seen the individual; how consistent the opinion is with other evidence; the degree to which the source presents relevant evidence to support an opinion; how well the source explains the opinion; whether the source has a specialty or area of expertise related to the individual's impairment; and any other factors that tend to support the opinion. The ruling goes on to say that:
>
>> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as [advanced practice registered nurses] . . . have increasingly assumed a greater percentage of the treatment and evaluation functions handled primarily by physicians and psychologists. Opinions from these medical sources who are not technically deemed "acceptable medical sources," under our rules, are important and should be evaluated on key issues such as

---

[2] While SSR 06-3p was rescinded on March 27, 2017, the Court agrees with plaintiff that the SSR applies to this claim which was filed on October 3, 2016 (before the rescission date). "SSRs are binding on the SSA, 20 C.F.R. § 402.35(b)(1), but they do not have the force of law." *Kornecky v. Commissioner of Social Security*, 167 Fed. Appx. 496, 498, fn. 2 (6th Cir. 2006). Nevertheless, an SSR represents "the agency's interpretation of its own regulations", and "is entitled to substantial deference and will be upheld unless plainly erroneous or inconsistent with the regulation." *Id*. (internal quotation marks omitted).

7

> impairment severity and functional effects, along with the other evidence in the file.
>
> *Id*. "For example, it may be appropriate to give more weight to the opinion of a medical source who is not an 'acceptable medical source' if he or she has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation for his or her opinion." SSR 06-3p.

Plaintiff's Brief (ECF No. 17, PageID.654) (footnote omitted).

Plaintiff points out that PA-C Benit has "the most longitudinal treating relationship with Plaintiff of any provider in the record," having treated plaintiff since at least September 15, 2015. *Id.* at PageID.655. Benit's opinions addressed plaintiff's ambulation, postural limitations, and lifting restrictions, and opined that plaintiff will miss more than four days of work per month due to his impairments. As discussed, PA-C Benit's opinions are not entitled to any particular weight or deference, and ALJ Katich was not required to give "good reasons" for the weight assigned to those opinions. Nevertheless, the ALJ's decision does not say enough to allow the Court to trace the path of her reasoning for rejecting *all* of Benit's opinions. *See Stacey*, 451 Fed. Appx. at 519. The ALJ's decision does not identify the nature plaintiff's gait "issues", the frequency of plaintiff's cane use, or how Benit's opinions are inconsistent with the fact that plaintiff "used a cane at times" and "was stable without a cane at times." PageID.170. In addition, the ALJ's finding that plaintiff "was generally neurologically intact and maintained normal strength as documented in the record and noted above," PageID.170, does not address how all of Benit's opinions were inconsistent with the medical record. For these reasons, the Commissioner's decision will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should re-evaluate PA-C Benit's October 8, 2018, opinions.

### IV. CONCLUSION

Accordingly, the Commissioner's decision will be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner is directed to re-evaluate PA-C Benit's October 8, 2018, opinions.  A judgment consistent with this opinion will be issued forthwith.

Dated:  September 17, 2021 /s/ Ray Kent
United States Magistrate Judge